## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

YANDELIS NIEVES-ROBLES

    Plaintiff,

           v.

COMMISSIONER OF SOCIAL
SECURITY

    Defendant.

**Civil No. 11-1316 (SEC)**

## OPINION AND ORDER

This is an action brought under § 205(g) of the Social Security Act 42 U.S.C. §405(g). Plaintiff Yandelis Nieves-Robles ("Plaintiff") seeks review of the Social Security Commissioner's (the "Commissioner") denial of her mother's application for disability benefits. Docket # 1.[1] Plaintiff filed a legal memorandum supporting her request (Docket # 9), and the Commissioner opposed (Docket # 15). After reviewing the filings and the applicable law, the Commissioner's decision denying disability benefits is **AFFIRMED**.

### Procedural and Factual Background

On February 17, 2006, Plaintiff's mother, Eliza Robles-Agosto, then 61 years-old, filed an application for disability benefits. Among the reasons for an alleged complete disability, Robles-Agosto claimed high blood pressure, osteoporosis, gastritis, diverticulitis, breast cancer, stomach hernia, gastric reflux, and depression. Tr., pgs. 19 and 23. Her application and subsequent reconsideration were denied. Id., at p. 16.[2] She then requested a hearing before an administrative law judge ("ALJ"), which was held on May 23, 2008. Id. Robles-Agosto and a vocational expert ("VE") testified at the hearing. Id. But, after *de novo*

---

[1] Plaintiff's mother passed away in December 2010 while the case was pending at the administrative level. Docket # 9, p. 2.

[2] Nevertheless, Robles-Agosto began receiving Social Security retirement benefits in September 2007. Id.

review, the ALJ denied the petition, finding that Robles-Agosto was capable of performing medium work of different sorts, all available in significant numbers in the national economy. Id., at 27.

To reach his conclusion, the ALJ compared Robles-Agosto's medical history with her hearing testimony. The medical history included records from at least four treating sources: (1) Luis Perez-Toro, M.D., Robles-Agosto's treating general practitioner since December 2006; (2) Miguel Godreau, M.D., a consulting specialist in internal medicine; (3) Oscar Benitez, M.D., a consulting neurologist; and (4) Lilliana Bicchi-Consuegra, M.D., a psychiatric who had treated Robles-Agosto since 2003. Tr. pgs. 20 and 21. The ALJ also examined progress notes of treatment Robles-Agosto received at the State Insurance Fund. Id., at 20. The following excerpt from the ALJ's memorandum of opinion best illustrates the ALJ's methodology and findings:

> The undersigned has paid special attention to the claimant's allegations of pain and discomfort, during the period at issue. In evaluating the functional limitations resulting from her subjective complaints, I considered the evidence in the record regarding the overt symptoms typical of disabling pain, such as: severe muscle weakness, atrophies, deformities, swelling, tenderness, marked spasm, joint stiffness, wasting of muscle, range of motion limitation, weight loss, and sensory-motor deficits. I also considered the type and amount of medication prescribed, and the frequency of claimant's doctor visits with complaints of pain and discomfort. Claimant's testimony at the hearing has also been carefully considered, to the extent consistent with treatment record and statements of health care providers.

> In this case, the record shows that the claimant's high blood pressure is amenable to control and has not resulted in major end-organ damage. She is a successful cancer survivor (given partial mastectomy for carcinoma of right breast several years ago which has not recurred). Granted that the claimant complains of residual underarm discomfort (unknown if such discomfort is related to her having undergone the partial mastectomy in the past), yet such discomfort does not prevent her from moving her arms and shoulders within the ranges of normal. It is further acknowledged that the claimant has stomach problems; that she needs to take antacids and that she, in turn, is possibly limited by the types of medications and dosages prescribed to her. Nevertheless, medications such as Prevacid help her, and the rest of the record does not show that she remains on a strict diet or that she is otherwise limited in her function due to stomach problems. Upon considering that the claimant was reported to be obese, it is acknowledged that she stands 6'

> 3 tall and weighs 163 pounds, but she is not limited in her functioning, as evidenced by the fact that she has no gait disturbance and full ranges of motion of mayor joints. Regarding her complaints of chronic multiple joint pain, the record is consistent in showing that the claimant remains with no significant neurological compromise. The undersigned has been particularly persuaded by the fact that the progress notes from Dr. Perez-Toro, who is the claimant's own treating medical source, were consistent in indicating that the claimant did not have pain. The undersigned has also been persuaded by the reports completed by Dr. Godreau and by Dr. Benitez who found that the claimant had no major neurological compromise, no gait disturbance, and normal hand function. They were also consistent in reporting that the claimant did not have significant limitations of movement of major joints—including her cervical region, shoulders, arms, hands, back and lower extremities. The undersigned thus gives great weigh to the reports of Dr. Godreau and Dr. Benitez, because their findings are internally and externally consistent, both physicians are specialists in their fields, and they conducted thorough evaluations of the claimant.

Tr. pgs. 24 and 25.

On February 11, 2011, the Appeals Council denied Robles-Agosto's request to review the ALJ's decision, and her daughter filed this suit two months later. Docket # 1.  In essence, Plaintiff contends that the ALJ made five reversible errors: (1) failed to require a medical evaluation of Robles-Agosto (Docket # 9, p. 14);  (2) presented a hypothetical to the VE that failed to account for Robles-Agosto's severe mental impairment (id., at 15); (3) "failed to adequately consider [Robles-Agosto's] allegations of disabling pain" (id., at 18); (4) "bas[ed] his conclusions on his own medical opinion . . . where no other evidence support[ed] his conclusions" (id., at 19); and (5) "cited only the evidence favorable to the Commissioner, to the disregard of the overwhelming evidence to the contrary" (id., at 20).[3]  The Commissioner opposed all of Plaintiff's contentions. Docket # 15.

**Standard of Review**

The scope of review over the Commissioner's final decision is limited both by statute and case law.  See 42 U.S.C. §405(g).  Section 405(g) provides that the findings of the

---

[3] Plaintiff also contends that the jobs the VE stated were available failed to comport with the definition of "medium jobs." Id., at 17-18. Plaintiff provides no legal citations as support for this contention. Therefore, the Court need not consider it here. See Local Rule 7(a).

Commissioner "as to any fact, if supported by substantial evidence, shall be conclusive . . . ." In Richardson v. Perales, 402 U.S. 389, 401 (1971), the United States Supreme Court defined "substantial evidence" as "more than a mere scintilla.  It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." The First Circuit has therefore directed district courts within this Circuit to uphold the Commissioner's "findings . . . if a reasonable mind, reviewing the evidence as a whole, could accept it as adequate to support his conclusion." Irlanda Ortiz v. Secretary of H.H.S., 955 F.2d 765, 769 (1st Cir. 1991). Accordingly, even if the record could justify a different conclusion, the Commissioner's findings must be affirmed if supported by substantial evidence. Evangelista v. Secretary of H.H.S., 826 F.2d 136, 144 (1st Cir. 1987). That is, absent a legal or factual error in the evaluation of a claim, the Commissioner's denial of disability benefits stands. Sullivan v. Hudson, 490 U.S. 877, 885 (1989); Seavey v. Barnhart, 276 F.3d 1, 15 (1st Cir. 2001); Manso-Pizarro v. Secretary of H.H.S., 76 F.3d 15, 16 (1st Cir. 1996).

**Applicable Law and Analysis**

As stated above, Plaintiff first contends "that the ALJ was required to medically evaluate Robles-Agosto. Docket # 9, p. 14. The Commissioner, however, points the Court to 20 C.F.R. § 404.1527(f)(4), which affords administrative law judges with discretion to ask for and consider the opinions of medical advisors on the nature and severity of an impairment. He also underscores the SSA Office of Disability Adjudication and Reviews Hearing, Appeals, and Litigation Law Manual, I-2-5, stating that the need for medical expert opinion evidence is left to the administrative law judge discretion.[4] Well-settled law supports the Commissioner's position. See e.g., Horn v. Astrue, 345 Fed. Appx. 235, 236 (9th Cir. 2009) (holding that an administrative law judge is not required to consult a medical expert upon a denial of disability). Plaintiff's first contention therefore lacks merit.

---

[4] This manual is available at http://www.ssa.gov/OP_Home/hallex/halex.html, last visited on February 23, 2012.

Next, Plaintiff takes issue with the hypothetical the ALJ presented to the VE, arguing that it failed to account for the severe mental impairment of Plaintiff's mother. Docket # 9, p. 15. The following colloquy between the ALJ and the VE at the disability hearing suffices to discard Plaintiff's contentions in this regard:

> ALJ: Simply, if we take into consideration [Robles-Agosto's] testimony as fact, taking into consideration the complaints about pain,  movement limitations, her frame of mind, her irritability, and her family problems caused by her emotional condition, would she be able to perform any job in the national economy based on your judgment?
>
> VE: Her work flow is significantly reduced. She does not have any opportunities.

Tr. p. 55. At any rate, as discussed below, the ALJ did not take Robles-Agosto's testimony "as fact." This hypothetical thus has no impact on the present decision.

Plaintiff also argues that the ALJ erred by failing "to consider [Robles-Agosto's] allegations of disabling pain." Docket # 9, p. 18. Plaintiff misses the mark on this front too. The ALJ memorandum of opinion unequivocally shows that all of Robles-Agosto's alleged disabilities were considered.  The ALJ nonetheless discounted such allegations against all the contrary evidence of record and decided not to credit them. Indeed his remarks show as much:

> The record does not establish a severe or advanced physical or other pathology, as evidenced by the claimant's conserved daily activities and functioning, her demeanor throughout the record, by statements and assessments from examining and evaluating sources, and by other evidence of record. Thus, the claimant's allegations are found not credible, nor do they result in limitations additional to the ones stated. The record supports and the undersigned so finds, that the claimant's retained residual functional capacity is compatible with medium work where climbing, kneeling, crouching, or crawling are performed occasionally.

Tr. p. 25.

* * *

> In sum, the above residual functional capacity assessment is supported by the credible and substantial evidence which corroborates that the claimant has no major neurological compromise. Her subjective

6

> complaints are not of the intensity or severity alleged, nor do they
> compromise the claimant's retained residual functional capacity at
> disabling levels.

Id., at 26; see also id., at 25-26 (setting forth specific findings as to Robles-Agosto's allegations of pain and discomfort). The ALJ was duty-bound to no more and no less. See e.g., Da Rosa v. Secretary of Health and Human Services, 803 F.2d 24, 26 (1st Cir. 1986).

Lastly, Plaintiff contends that the ALJ based his conclusions on his own medical opinion and "cited only the evidence favorable to the Commissioner . . . ." Docket # 9, pgs. 19 and 20. The record before the Court proves Plaintiff wrong. Among other things, the ALJ weighed evidence from four medical sources, including Robles-Agosto's personal treating source, Dr. Perez-Toro. Tr. pgs. 20-21, and 23. Moreover, the ALJ's opinion contains a detailed account of Robles-Agosto's negative past medical prognosis. Id. The ALJ, however, determined that her medical problems were "amenable to remained controlled/stable with treatment and medication." Tr. p. 23. And again, as to Robles-Agosto's hearing testimony on her alleged disability, the ALJ found that "[t]he credible and substantial evidence, as well as a longitudinal analysis of this claim supports that the allegations and medically determined impairments are not of the frequency, intensity, or severity required to be disabling." Id. The record contains ample evidence to support these findings; therefore, Plaintiff's last contentions also fail.

**Conclusion**

Based on the foregoing, the ALJ's decision is **AFFIRMED**, and Plaintiff's complaint is **DISMISSED** with prejudice.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 27th day of February, 2012.

s/ *Salvador E. Casellas*
SALVADOR E. CASELLAS
U.S. Senior District Judge

7